**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James R. SPILLMAN and Patrick Boker, Defendants–Appellants.**

**Nos. 89–2473, 89–2751.**

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1990.

Decided Feb. 12, 1991.

Rehearing Denied in No. 89–2473 March 4, 1991.

722

K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for plaintiff-appellee.

Richard H. Parsons, Michael Rickgauer, Arthur J. Inman, Peoria, Ill., for defendants-appellants.

Before BAUER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Pursuant to plea agreements, James R. Spillman pleaded guilty to conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine and Patrick Boker pleaded guilty to debt collection extortion. Following their guilty pleas, both defendants assisted law enforcement authorities, providing what the government termed as complete and valuable cooperation. Nonetheless, although the government did inform the court of the nature and extent of the defendants' cooperation with authorities and the value of that cooperation at their respective sentencing hearings, it did not move under Guideline § 5K1.1 for a downward departure for substantial assistance. Spillman was sentenced to 70 months in prison, a sentence at the low end of the applicable guideline range. Boker was sentenced to 84 months in prison, a sentence at the upper end of the applicable range. Each defendant filed a timely notice of appeal challenging his sentence.

## I. BOKER'S APPEAL

Boker raises one issue on appeal. He maintains that the government breach-

ed the plea agreement when it recommended that the district judge impose a sentence at the upper end of the applicable guideline range.

At the sentencing hearing, the government apprised the district judge of the value, nature, and extent of Boker's cooperation. At the same time, however, the government informed the court that the defendant very likely qualified for an upward departure under Guideline § 4A1.3, because his criminal history category did not adequately reflect the severity of his past violent criminal activity and the possibility of recidivism. But, the government stated that because of Boker's substantial cooperation, it would forego seeking the upward departure. Instead, the government recommended that the court sentence Boker at the high end of the range figured without the § 4A1.3 enhancement.

It is that recommendation that Boker now challenges as a breach of the plea agreement. Under the terms of the agreement, the government was permitted to recommend a sentence up to and including the statutory maximum of twenty years. Thus, the agreement did not prevent the government from arguing the applicability of the § 4A1.3 enhancement. Boker's cooperation was presented to the court, and, as a result of Boker's assistance to law enforcement authorities, his guideline range was calculated by the court without factoring in an enhancement under § 4A1.3.

In addition, there was no provision in the plea agreement requiring the government to file a request for a downward departure based on substantial assistance. All the agreement required was that the government inform the court of Boker's cooperation and make its sentencing recommendation based upon its evaluation of that cooperation. The government complied with its obligations to Boker under the plea agreement; it set off his cooperation against his past criminal record. Thus, there was no breach of the agreement.

Boker's argument that he received no benefit from his cooperation is incorrect. The benefit Boker received as a result of his cooperation came in the form of the government's decision not to request the § 4A1.3 enhancement and its argument that the district court should disregard § 4A1.3 in figuring Boker's sentence under the Guidelines.

## II. SPILLMAN'S APPEAL

### A. *Section 3B1.1(b) Enhancement*

Initially, Spillman argues that the district court erred in finding that he was a manager or supervisor under Guideline § 3B1.1, resulting in a three-level increase in his base offense level. Spillman maintains that the government bore the burden of proof on the issue of his role in the offense, and that the government's burden was proof beyond a reasonable doubt. The government concedes that it has the burden of proving Spillman's role in the offense, however, it argues that the appropriate standard of proof is preponderance of the evidence.

The government is correct. "The Guidelines' standard for resolving [factual] disputes is a preponderance of the evidence, not reasonable doubt." *United States v. White*, 888 F.2d 490, 499 (7th Cir.1989). The district court's determination that Spillman was a manager or supervisor under § 3B1.1 resolved a factual issue and is subject to a clearly erroneous standard of review. *United States v. Franco*, 909 F.2d 1042, 1047 (7th Cir.1990); *United States v. Brown*, 900 F.2d 1098, 1101 (7th Cir.1990); *United States v. Herrera*, 878 F.2d 997, 999–1000 (7th Cir.1989). Here, the district court focused on the following factors to support its conclusion that Spillman was a manager or supervisor: Spillman's receipt of the greatest share of the profits; his recruitment of an individual to procure a loan to purchase methamphetamine for purposes of distribution; his direction of another member of the conspiracy, Boker, to collect a drug debt; his assertion to an undercover agent that he could purchase methamphetamine "directly from the cooker"; and, his assurances to the agent that he would "corner the methamphetamine market" in Pekin, Illinois.

The district court's reliance on these activities as proof of Spillman's leadership and organizational role in the distribution of methamphetamine was clearly appropriate. Spillman exercised authority over other members of the conspiracy and he recruited individuals for the purpose of drug inventory acquisition and debt collection. This evidence fairly supports the district court's finding that Spillman was a supervisor under § 3B1.1 and the district court's application of § 3B1.1 to enhance Spillman's sentence was not clearly erroneous.

### B. *Separation of Powers Challenge to Section 5K1.1*[1]

 Spillman asserts that the provision of § 5K1.1 which vests authority to initiate the consideration of a downward departure for substantial assistance solely with the government violates the separation of powers doctrine, in that it delegates judicial authority to the executive branch. Spillman does not cite any authority in support of his position, and in fact, the circuits which have addressed the separation of powers argument advanced here have rejected it. We now join those circuits in rejecting the challenge. "[T]he sentencing function long has been a peculiarly shared responsibility among the Branches of government and has never been thought of as the exclusive constitutional province of any one Branch." *United States v. Huerta,* 878 F.2d 89, 93 (2d Cir.1989) (citations omitted). Congress has the power to eliminate discretion in sentencing altogether by establishing mandatory sentences; therefore, it has the authority to specify whether certain factors may be considered by the district court in imposing sentence and how they should be considered. Because the defendant does not have a constitutional right to have a specific factor considered by the sentencing court, it follows that there is no basis for challenging the procedure chosen by the Sentencing Commission permitting the district court to consider a particular factor. *Id.*

The fundamental flaw in the separation of powers argument lies in its failure to acknowledge the authority of Congress to restrict judicial discretion in sentencing. Congress was within its authority granted by the constitution to specify whether a defendant's cooperation with law enforcement authorities was to be considered at all by the district court in imposing sentence. Therefore, because Congress may limit or expand the factors affecting the length of a sentence and the manner by which those factors become available for review by the district court, no constitutional right to a particular sentencing scheme exists. Thus, Spillman cannot be heard to challenge the Guideline procedure created for implementing the substantial assistance departure. *See United States v. LaGuardia,* 902 F.2d 1010, 1015 (1st Cir.1990) (Congress' authority to control discretion in sentencing extends to its ability to specify the factors that a court will consider in setting the defendant's sentence; consequently, Congress could have precluded the court from considering a defendant's cooperation in formulating the sentence. As such, a defendant "cannot rewardingly complain about the [substantial assistance] provision which emerged [under the Guidelines]."); *United States v. Musser,* 856 F.2d 1484, 1487 (11th Cir.1988) (There is "no constitutional right to the availability of the 'substantial assistance' provision, and hence no grounds upon which to challenge Congress' manner of enacting it."); *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989) (same).

 Finally, we note that the challenge to the government motion requirement of § 5K1.1 and the assertion that the provision vests excessive power over the defendant's sentence with the United States At-

---

**1.** While it would have been preferable for Spillman to raise the constitutional challenges to § 5K1.1 earlier in the district court proceedings, we consider his cursory presentation of the constitutional arguments at his sentencing hearing as sufficient to preserve the issue for appeal.

In his brief on appeal, Boker attempts to raise the constitutional challenges to § 5K1.1 by incorporating the arguments contained in Spillman's brief. We note, however, that Boker failed to make any challenge to the constitutionality of § 5K1.1 in the district court; therefore, he has waived the arguments on appeal.

torney is particularly unpersuasive in light of the traditional charging power exercised by the executive branch. The unassailable fact is that exclusive authority to decide whether to prosecute and which alternative charges to pursue rests with the executive branch. *Huerta,* 878 F.2d at 92 (citations omitted).[2]

## C. *Breach of Plea Agreement*

 Like Boker, Spillman also argues that the government breached its plea agreement in not moving for a downward departure under § 5K1.1 on the basis of his cooperation. Again, a review of the plea agreement reveals that all that the government was required to do was advise the court of Spillman's cooperation with law enforcement authorities, and make a sentencing recommendation based on its assessment of that cooperation. There was no provision in the agreement that required the government to move for a downward departure. Spillman and his attorney could have negotiated for the inclusion of a specific promise to request a downward departure under § 5K1.1. They did not do so, and because consideration was otherwise given for Spillman's cooperation, the terms of the plea agreement were met by the government. In the absence of such an explicit agreement, the government was not required to move for the downward departure. There was no breach of the plea agreement.

## D. *Appeal from a Refusal to Depart*

Finally, Spillman argues that he is entitled to appeal from the district court's refusal to depart from the Guidelines. We are without jurisdiction to consider this issue on appeal. *United States v. Franz,* 886 F.2d 973 (7th Cir.1989). Spillman attempts to distinguish *Franz,* and also asks that we reconsider the decision. We do not find his attempt to distinguish *Franz* persuasive, and, explicitly decline the invitation to reexamine *Franz.*

**2.** Spillman also asserts that the government motion requirement of § 5K1.1 does not comport with due process. This court has previously considered and rejected similar due process challenges to § 5K1.1. *United States v. Bayles,*

### III. CONCLUSION

For all of the foregoing reasons the sentences of Patrick Boker and James R. Spillman are hereby

AFFIRMED.

923 F.2d 70, 74 (7th Cir.1991); *United States v. Valencia,* 913 F.2d 378, 386 (7th Cir.1990); *United States v. Lewis,* 896 F.2d 246, 249 (7th Cir. 1990).