968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William MEYERS and Gilbert Spears, Jr., Defendants-Appellants.
 Nos. 89-2984, 89-3153.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided July 9, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 These are the consolidated direct criminal appeals of Gilbert Spears, Jr. and William Meyers. Their convictions arise out of their involvement in a cocaine operation run by Gilbert Spears, Sr. Both challenge their respective sentences which were imposed pursuant to the United States Sentencing Guidelines (USSG). We affirm.
 
 I.
 A. Spears
 
 2
 Spears pleaded guilty to two counts of knowingly distributing cocaine in violation of 21 U.S.C. § 841(a)(1). In determining Spears' base offense level, the district court found that the distribution continued for a period of at least fifty-two weeks and that Spears distributed approximately four ounces per week. The district court based this finding on a special agent's testimony recounting the grand jury testimony of a confidential informant. The informant testified that Spears' father had told him that Spears was selling four ounces per week. The total amount, 208 ounces or approximately 5.9 kilograms, placed Spears at an offense level of 32. The court reduced the offense level by two for acceptance of responsibility. Together with Spears' criminal history category of III, this put Spears' sentencing range at 121 to 151 months. The district court sentenced Spears to concurrent 144 month sentences on each count.
 
 
 3
 Spears challenges the evidentiary basis for the district court's finding that he distributed four ounces of cocaine per week. Spears argues that the court improperly relied on the informant's testimony about his father's statement because there was no objective evidence to indicate that his father was being truthful, and the statement was hearsay and would be inadmissible at trial and was insufficient evidence of the amount he had distributed.
 
 
 4
 The government argues that Spears has waived these arguments on appeal by failing to object to the admissibility or accuracy of the informant's testimony regarding his father's statement before the district court. Although Spears objected to the court considering other statements his father made, he did not object when the informant's statement was introduced at sentencing. Thus, it appears that Spears has not preserved this issue on appeal.
 
 
 5
 Even if Spears had preserved this issue, his various challenges to the district court's use of the statement are without merit. Spears argues that the informant's testimony about his father's statement would be inadmissible at trial. That evidence would be inadmissible at trial does not necessarily mean that it would be inadmissible at sentencing. The rules of evidence do not apply to sentencing hearings, see United States v. Troxell, 887 F.2d 830, 835 (7th Cir.1989), and hearsay is admissible, see United States v. Escobar-Mejia, 915 F.2d 1152, 1154 (7th Cir.1990); USSG § 6A1.3 (court may consider relevant information without regard to its admissibility at trial).
 
 
 6
 Spears also argues that the testimony is not reliable. In United States v. Miller, 891 F.2d 1265 (7th Cir.1989), this court stated that " 'so long as the information which the sentencing judge considers has sufficient indicia of reliability to support its probable accuracy, the information may properly be taken into account in passing sentence.' " See id. at 1270 (quoting United States v. Marshall, 519 F.Supp. 751, 754 (E.D.Wis.1981), aff'd 719 F.2d 887 (7th Cir.1982)). A sentencing court may properly rely on the statement of a witness made under oath such as the informant's testimony before the grand jury. See United States v. Zuleta-Alvarez, 922 F.2d 33, 37 (1st Cir.1990), cert. denied, 111 S.Ct. 2039 (1991). We also note that a co-conspirator's testimony as to the statements of other co-conspirators is within the party admission exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E). Although, as we noted, the Federal Rules of Evidence do not apply to sentencing hearings, such co-conspirator statements are admissible at trial because they are presumed to be reliable: A co-conspirator is likely to know who the members of the conspiracy are and what they have done or said. We believe such statements bear sufficient indicia of reliability to permit them to be used at sentencing.
 
 
 7
 Although we believe that the evidence was of borderline reliability, Spears has not identified any reason to doubt the truthfulness of the informant or his father. We, like the district court, acknowledge that drug dealers may engage in some puffery in an attempt to make themselves appear to be bigger dealers than they really are; however, we note that Spears' father had no reason to resort to puffery. He did deal substantial amounts of cocaine--there was evidence that he purchased cocaine four kilograms at a time and that he sold approximately one kilogram every three days. In addition, the informant was a long-standing, trusted customer who apparently was familiar with the operation. Spears' father was confiding in a colleague, not recruiting a new customer. The informant was close to Spears' father and had personal knowledge of the workings of the organization. These facts support the reliability of the informant's grand jury testimony. The district court properly relied on this evidence. See United States v. Rodriguez, 897 F.2d 1324 (5th Cir.) (sentencing court may rely upon uncorroborated hearsay testimony and even upon out-of-court statement by unidentified informant at least where there is good cause for not allowing confrontation and some additional corroboration of statement), cert. denied, 111 S.Ct. 158 (1990); United States v. Beaulieu, 893 F.2d 1177 (10th Cir.) (court may rely on testimony from separate trial of co-conspirators; defendant at sentencing has no absolute right to confront witnesses whose information is made available to sentencing court), cert. denied, 110 S.Ct. 3302 (1990).
 
 
 8
 To the extent that Spears challenges the sufficiency of his father's statement as a basis for the district court's finding, this argument is without merit as well. In sentencing, facts may be established by a preponderance of the evidence. See United States v. Spillman, 924 F.2d 721, 723 (7th Cir.1991). The statement of Spears' father is sufficient evidence to support the district court's finding.[1]
 
 B. Meyers
 
 9
 Meyers was a supplier to the operation. While law enforcement officials were executing arrest and search warrants at the Spears' residence they intercepted a telephone call from Meyers. A number of telephone conversations ensued between one of the drug enforcement agents and Meyers. These calls were recorded. Meyers negotiated with the agent for the purchase of six kilograms of cocaine. Meyers was subsequently arrested. Meyers pleaded guilty to using a communication facility to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b). The district court found that Meyers' base offense level was 12, which together with his criminal history category of VI, resulted in a sentencing range of 30 to 37 months. The district court departed from the guidelines and imposed a sentence of 72 months' imprisonment to be followed by three years' supervised release. In support of its upward departure, the district court found that the applicable criminal history category did not adequately reflect the extent of Meyers' past criminal conduct and that the six kilograms of cocaine discussed in the telephone conversations was a substantial amount and aggravating circumstance.
 
 
 10
 Meyers raises a number of issues on appeal. First, Meyers contends that it was improper for the district court to consider the quantity of cocaine under negotiation as an aggravating factor in deciding whether to depart upward. Meyers points out that the Sentencing Commission expressly included the quantity of drugs as a relevant sentencing factor for many other drug related offenses and argues that the omission of drug quantity as a sentencing factor in § 843(b) offenses evidences the Commission's implicit, but purposeful, rejection of quantity as a factor in such cases. Meyers also contends that the quantity of drugs is not the type of unusual circumstance that would justify a departure since it is always a factor underlying a § 843(b) offense.
 
 
 11
 This court has rejected the argument that a court may not consider the quantity of drugs involved in a § 843(b) offense in United States v. Feekes, 929 F.2d 334 (7th Cir.1991). Accord United States v. Crawford, 883 F.2d 963 (11th Cir.1989) (argument rejected in context of 21 U.S.C. § 846 possession offense); United States v. Correa-Vargas, 860 F.2d 35 (2d Cir.1988) (argument rejected in context of 21 U.S.C. § 843(b) telephone offense). The court in Feekes concluded that a district court may depart upward where a large quantity of drugs is involved. See Feekes, 929 F.2d at 337. The court cited cases in which 622 grams or more of cocaine were involved as examples of cases in which an upward departure would be appropriate. See id. An upward departure was warranted in this case given that Meyers was negotiating to supply six kilograms of cocaine. See id.
 
 
 12
 Furthermore, the extent of the departure was reasonable. Although it was not a quantity-based offense at the time of Meyers' offense,[2] the district court made reference to the drug quantity tables and noted that they would result in a sentencing range of 210 to 262 months' imprisonment. It was appropriate for the district court to look to the table as a point of reference. See id. at 337-38. The district court sentenced Meyers to 72 months' imprisonment. This is well below the 210 to 260 month range Meyers would face under the amended version of § 2D1.6. It was proper for the district court to depart upward from the base offense level and the amount of the departure was reasonable because the district court tied the departure to the drug quantity table. See Feekes, 929 F.2d at 337-38; United States v. Asseff, 917 F.2d 502, 506 (11th Cir.1990); United States v. Ferra, 900 F.2d 1057, 1062 (7th Cir.1990).
 
 
 13
 Second, Meyers contends that the district court erred when it compared the sentencing range for the offense of conspiracy with the sentencing range for using a communication facility to facilitate the distribution of cocaine. As part of the presentence report, the probation department assesses the impact of the plea agreement on the guidelines sentence by comparing the guidelines applicable under the plea agreement to the guidelines that would apply if the defendant were to plead to all counts. This assessment is based on the assumption that the allegation of the counts to be dismissed could be proved and that additional relevant facts in the investigative files are correct. This is standard procedure, and such comparison information is regularly before a sentencing court.
 
 
 14
 We perceive no error in a district court reviewing this comparative information. A district court may consider any relevant information in sentencing including conduct for which a defendant has not been convicted. 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information ... which a court ... may receive and consider for the purpose of imposing an appropriate sentence." Sentencing under the guidelines has not changed this. See United States v. Agyemang, 876 F.2d 1264, 1271 (7th Cir.1989). We also point out that while the district court did note the significant difference between the respective ranges, it provided other, sufficient reasons that supported its decision to depart. Thus, it is not clear that this comparison affected the district court's decision to depart upward. The district court did not err by comparing the sentencing range Meyers would have faced had he been convicted of the conspiracy count with the range for the § 843(b) offense.
 
 
 15
 Third, Meyers contends that the district court erred when it relied on the information contained in police reports to find that he had engaged in "prior similar adult criminal conduct not resulting in a criminal conviction" which provides a basis for departing from the guideline range. See U.S.S.G. § 4A1.3(e). These reports indicate that on January 25, 1985, police in Polk County, Florida, executed a search warrant for a residence allegedly belonging to a William N. Myers. They found firearms, exploding ammunition, drug paraphernalia and suspected cocaine and marijuana residues. Meyers argues that the reports are unreliable in that they do not contain sufficient information from which criminal conduct can be imputed to him. Meyers disputes that the residence was his.
 
 
 16
 The information in the police reports contained sufficient indicia of reliability for the district court to rely on them. The reports indicate that the residence belonged to Meyers.[3] Although the criminal charges that were filed based on the search were eventually dismissed, Meyers' parole was revoked and he was returned to prison. The Parole Commission found that a preponderance of the evidence showed that Meyers possessed the items seized and was a "trafficker in drugs and/or narcotics." We cannot conclude that the district court's finding that defendant was involved in criminal activity in January of 1985 was clearly erroneous.
 
 
 17
 Even if it were improper for the district court to rely on this information, there was sufficient other information to support the upward departure. As the district court noted, Meyers also had a foreign conviction that was not factored into his criminal history category. Section 4A1.3(a) provides that a prior sentence not used in computing the criminal history category such as a foreign offense may justify an upward departure. Meyers also received various concurrent sentences for his offenses which were factored into his criminal history score as single offenses. This may also properly be considered in determining whether the criminal history category adequately reflects the seriousness of the defendant's criminal history. See U.S.S.G. § 4A1.2 commentary, app. note 3. This additional information provided a sufficient basis for the district court's decision to depart upward.
 
 
 18
 Finally, Meyers contends that the district court erred when it used his prior conviction of conspiracy to import methaqualone in (1) applying the imprisonment enhancement provisions of 21 U.S.C. § 843(b); (2) establishing his criminal history category; and (3) departing upward from the guidelines range. Meyers contends that in such a situation, a defendant's prior conviction is double counted in violation of due process.
 
 
 19
 We disagree. The guidelines direct a court to consider a defendant's prior sentences in placing the defendant in a criminal history category. Where the criminal history category does not adequately reflect the extensiveness of the defendant's criminal record, a court has discretion to depart upward. See Guideline § 4A1.3. In making this determination, a district court may only consider information of the type specified in § 4A1.3(a)-(e). Although this list is not exhaustive, it is apparent from the nature of the information listed that the district court is not to reconsider a prior sentence already factored into the criminal history category. Because the court may only depart where the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct, § 4A1.3 ensures that a conviction is not being double counted.
 
 
 20
 The district court in this case specifically considered the type of information listed in § 4A1.3. The district court made a determination that the other criminal conduct, other than the methaqualone conviction, was not sufficiently accounted for in the first place. There is no double counting in this. Consequently, we reject defendant's argument.
 
 
 21
 Nor does § 843(b), when applied in this situation, subject a defendant to double counting. Section 843(b) provides that the court may sentence a defendant up to a maximum of eight years' imprisonment where the defendant has a prior conviction. This section does not further increase the defendant's sentence, but merely raises the maximum sentence that a court may give. This does not result in double counting.
 
 II.
 
 22
 For these reasons, the judgment of the district court as to defendants Spears and Meyers is
 
 
 23
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant Meyers has filed such a statement. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied, and the case is submitted on the briefs and record
 
 
 [1]
 Spears also argues that the court should have reduced the total amount of cocaine by the amount Spears received for his personal use. Spears cites no authority in support of this argument; consequently, we need not address it. Fed.R.App.P. 28. Moreover, Spears did not raise this issue in his objection to the presentence report or at sentencing
 
 
 [2]
 We note that effective November 1, 1990, the Sentencing Commission amended the guidelines to tie the offense level to the drug quantity table in Guideline § 2D1.1. See U.S.S.G. § 2D1.6. Thus, although the amendment post-dates Meyers' conviction and is inapplicable, it is nonetheless instructive
 
 
 [3]
 The search warrants were for the residence of "William N. Myers." Meyers does not dispute that this is his real name