33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Wayne BURTON, Defendant-Appellant.
 No. 93-6272.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Donald Wayne Burton, pleaded guilty to a charge of conspiracy to distribute cocaine hydrochloride and was sentenced to 70 months in prison, followed by a five-year term of supervised release. Before this court, Burton challenges the constitutionality of that portion of sentencing guideline Sec. 5K1.1 that requires a motion from the government before the district court may consider a downward departure based upon the defendant's provision of substantial assistance to the prosecution. The government insists that the defendant has waived this issue by failing to raise it in the district court. We find no error and affirm.
 
 
 2
 The facts in this case are undisputed. A tip from a confidential informant led Knoxville police to set up surveillance of Burton's activities and, eventually, he was observed participating in a drug deal with another individual. After arresting Burton, police recovered 124.4 grams of cocaine hydrochloride from the defendant and 283.4 grams of cocaine hydrochloride from the co-defendant. Burton eventually pleaded guilty to one count of conspiracy to distribute a Schedule II controlled substance. As part of the plea agreement, Burton and the government agreed as follows:
 
 
 3
 If the defendant provides substantial assistance in the investigation and/or prosecution of another person or persons who has or have committed an offense against the laws of the United States, the United States will move the Court, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to lower the defendant's sentence to a level below the applicable sentencing guidelines.
 
 
 4
 The presentence report submitted at Burton's sentencing hearing indicated that the defendant was properly subject to sentencing within level 21 of criminal history category V. The applicable sentencing guidelines thus provided for a sentencing range of 70-87 months for the defendant. At the hearing, the district judge inquired whether the government had decided to move for a downward departure from that range due to the provision of substantial assistance by the defendant to the government. The government declined to so move because of its inability to utilize the information provided by Burton, and as a result, the district court sentenced Burton within the applicable range to 70 months incarceration.
 
 
 5
 The defendant correctly characterizes the single issue presented on appeal as one of first impression in this circuit, but he also acknowledges that the other circuits that have ruled on the question--at least six in number--have ruled adversely to the defendant. It is his earnest contention that the other circuits have incorrectly decided the issue. After careful consideration, we cannot agree.
 
 
 6
 As a preliminary matter, we note that because the issue was not raised below, we review only for "plain error," one that was "clear" or "obvious" and that also affected the defendant's "substantial rights." United States v. Segines, 17 F.3d 847, 851 (6th Cir.1994). Furthermore, invocation of the "plain error" rule is discretionary with this court and such forfeited error will be corrected only "if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " Id. at 852, citing United States v. Olano, 113 S.Ct. 1770, 1779 (1993) ( quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).
 
 
 7
 USSG Sec. 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (Emphasis added.) We have consistently held that the unambiguous wording of that sentencing provision compels the conclusion that a court may depart downward from the applicable sentencing guidelines based upon a defendant's provision of substantial assistance in apprehending or prosecuting another individual only if the government so requests. See, e.g., United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990), cert. denied sub nom. Black v. United States, 498 U.S. 1091 (1991). Burton alleges, however, that such a requirement violates the separation of powers provisions of the federal constitution by allowing an arm of the executive branch of government to fulfill the judicial function of determining an applicable sentence. Similarly, the defendant also contends that promulgation of Sec. 5K1.1 amounts to an improper delegation of judicial authority by the Sentencing Commission to the executive branch of government.
 
 
 8
 Although we have never directly considered the constitutional challenges to Sec. 5K1.1 now raised by Burton, we did conclude in Levy that "because defendants have no constitutional right to the benefit of downward departures under the Guidelines, they cannot challenge the manner in which Congress has provided it." Id. See also United States v. Spillman, 924 F.2d 721, 724 (7th Cir.1991); United States v. Musser, 856 F.2d 1484, 1487 (11th Cir.1988), cert. denied, 489 U.S. 1022 (1989).
 
 
 9
 Those courts that have addressed challenges similar to those raised by Burton have unanimously concluded that Sec. 5K1.1 is constitutional. For example, in United States v. Huerta, 878 F.2d 89 (2d Cir.1989), cert. denied, 493 U.S. 1046 (1990), the Second Circuit rejected a claim that the provisions of Sec. 5K1.1 contravened separation of powers principles. The Huerta court recognized that the power to adjudicate and to pronounce sentence remains with the judiciary despite the government's role in deciding whether to move for a downward departure from the sentencing guidelines. Id. at 92. See also Musser, supra. Consequently, the executive branch's role in the process constitutes a lesser intrusion into the judicial sphere than its role in determining whether to prosecute, what offenses to charge, or which prisoners should be released on parole. Id.
 
 
 10
 Moreover, other federal court decisions have established that Congress may constitutionally limit judicial discretion in sentencing without contravening constitutional provisions. Mistretta v. United States, 488 U.S. 361 (1989). In fact, a number of cases have specifically determined that "the sentencing function long has been a peculiarly shared responsibility among the Branches of government and has never been thought of as the exclusive constitutional province of any one Branch." Id. at 390. See also United States v. Gardner, 931 F.2d 1097, 1099 (6th Cir.1991); Spillman, 924 F.2d at 724; United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990); Huerta, 878 F.2d at 93. Consequently, those courts have concluded that vesting with the prosecution the initial decision of whether to move for a downward departure based upon the provision of substantial assistance is rational and is based upon the "reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance." United States v. White, 869 F.2d 822, 829 (5th Cir.), cert. denied 490 U.S. 1112 (1989). See also Gardner, 931 F.2d at 1099; United States v. Grant, 886 F.2d 1513, 1514 (8th Cir.1989); Huerta, 878 F.2d at 93; United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990).
 
 
 11
 In a related argument, Burton contends that the provisions of Sec. 5K1.1 constitute an improper delegation of power because Congress has delegated to the judicial branch (the Sentencing Commission) alone the authority to determine sentencing ranges. The judicial branch, argues the defendant, cannot then re-delegate that authority to an arm of the executive branch of government. This argument misapprehends, however, the nature of the Congressional delegation of sentencing authority. In 18 U.S.C. Sec. 3553(e), the legislative branch of the federal government has provided:
 
 
 12
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.
 
 
 13
 Thus, the judicial branch has delegated nothing to the executive branch that has not already been so delegated by a specific act of Congress. The judiciary, through the Sentencing Commission, has not, therefore, unconstitutionally delegated a duty reserved to itself by the Congress. See Ayarza, 874 F.2d at 653 n. 2.
 
 
 14
 In United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990), the defendant had also failed to present to the district court arguments regarding the alleged unconstitutionality of Sec. 5K1.1. When, as in this case, such issues were raised for the first time on appeal, the appellate court engaged in its own "plain error" analysis and similarly concluded, citing Ayarza, Huerta, and Grant:
 
 
 15
 In this case, we find that the District Court's application of Sec. 5K1.1 was not plain error. In fact, we doubt that it was error at all. Those courts that have addressed the constitutional and statutory challenges raised by Ortez have found that Sec. 5K1.1 follows the statutory mandate and does not run afoul of the Constitution.
 
 
 16
 We echo the Ortez court in finding that the district judge did not commit "plain error" in sentencing defendant Burton and that Sec. 5K1.1, as applied here, is not unconstitutional. We therefore AFFIRM the judgment of the district court.