41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Derrick STANTON, Defendant/Appellant.
 No. 93-3683.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 7, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Derrick Stanton was convicted by a jury of knowingly, intentionally, and unlawfully conspiring to possess cocaine base with intent to distribute, and of distributing cocaine base, in violation of 21 U.S.C. Sec. 846, and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Stanton challenges the Sec. 924 conviction and his sentence. We affirm.
 
 I. FACTS
 
 2
 Shortly after an undercover officer purchased crack cocaine at 2210 Allied Drive in Madison, Wisconsin, a search warrant of the residence was executed. Officers found crack cocaine, $150 and a loaded .9mm semi-automatic handgun located near packets of drugs. Present at the residence at the time the warrant was executed were Earl Jordan, Stanton's nephew, Eric Pryor, and Gregory Allison. All three were charged and convicted as Stanton's co-conspirators, and all three testified against Stanton at trial.
 
 
 3
 Allison testified that Stanton approached him and suggested that they use Allison's apartment to distribute crack cocaine. Allison also testified that he had seen Stanton with a gun in Allison's apartment. Jordan testified that Stanton arranged for Jordan to distribute cocaine out of Allison's apartment. He also stated that he had seen Stanton with a firearm and that Stanton regularly possessed the firearm when Jordan and Stanton picked up drugs in Chicago. Pryor testified that he and Stanton discussed Stanton's difficulty with a distributor, who Stanton identified only as "Carlos." Pryor stated that he had seen Stanton carry a gun when he brought a new supply of crack cocaine to Allison's apartment. Timothy Green, who lived near Allison's apartment, testified that he saw crack cocaine at Allison's residence and saw Stanton with several firearms, including the .9mm pistol introduced at trial.
 
 
 4
 Stanton testified on his own behalf. He asserted that his employment in Chicago precluded his involvement in the conspiracy. On cross examination, he stated that the witnesses against him testified just to have someone to blame. He denied any involvement with his co-conspirators. The jury convicted Stanton of both counts. At sentencing, the court enhanced Stanton's offense level by four, finding that he was an organizer or leader of a criminal activity involving five or more participants. U.S.S.G. Sec. 3B1.1(a). The court also found that Stanton had testified falsely under oath and enhanced his offense level by two. U.S.S.G. Sec. 3C1.1. Stanton ultimately was sentenced to 324 months of imprisonment on count one and a consecutive five-year term on count two. Stanton appeals his conviction, arguing that there was insufficient evidence to convict him of count two, and both sentencing enhancements.
 
 I. DISCUSSION
 A. Sufficiency of the Evidence
 
 5
 We review a sufficiency of the evidence challenge to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have concluded that the defendant was guilty of the crime charged beyond a reasonable doubt. See, e.g., United States v. Hubbard, 22 F.3d 1410, 1415 (7th Cir.1994); United States v. Goines, 988 F.2d 750, 758 (7th Cir.), cert. denied, 114 S.Ct. 241 (1993). "This standard is highly deferential and we will reverse only if there is no evidence, even circumstantial evidence, from which a jury could have found the defendant guilty." United States v. Brown, Nos. 93-1762 and 93-1837, slip op. at 5 (7th Cir. Aug. 1, 1994) (emphasis in original); see United States v. Durrive, 902 F.2d 1221, 1225 (7th Cir.1990). We will not reweigh the evidence or reevaluate the credibility of the witnesses. Hubbard, 22 F.3d at 1415.
 
 
 6
 To establish a violation of Sec. 924(c), the government must prove beyond a reasonable doubt that the defendant: 1) possessed a gun; and 2) used it in relation to a drug offense. United States v. Chairez, No. 92-4095, slip op. at 3 (7th Cir. Aug. 29, 94); United States v. Carson, 9 F.3d 576, 582 (7th Cir.1993), cert. denied, 1994 U.S. LEXIS 5929 (Oct. 3, 1994). Stanton concedes that trial testimony established his possession of a firearm but argues that there was insufficient evidence to show that the weapon "played a direct role in the conspiracy or that it was ever intended to be used to protect any drugs." See United States v. Woods, 995 F.2d 713, 718 (7th Cir.1993) (strategically placing or carrying a gun to protect drugs or money constitutes use under Sec. 924(c)); see also United States v. Alvarez, 860 F.2d 801, 830 (7th Cir.1988), modified, 868 F.2d 201, cert. denied, 490 U.S. 1051 (1989) (guns are recognized tools of the drug trafficking trade).
 
 
 7
 Stanton fails to acknowledgement the full import of his co-conspirators testimony. Each individual testified that he had seen Stanton possess a firearm when transporting drugs from Chicago and in the apartment used for distributing cocaine. A neighbor, Green, testified he had seen Stanton with the .9mm handgun charged under Sec. 924(c). See United States v. Villareal, 977 F.2d 1077, 1079 (7th Cir.), cert. denied, 113 S.Ct. 1350 (1993) ("the fact that [defendant] never brandished, fired, or referred to the gun ... during the drug transaction is immaterial" (citation omitted)). Finally, officers executing the search at Allison's apartment found the .9mm gun near the contraband. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have concluded that the defendant was guilty of violating Sec. 924(c) beyond a reasonable doubt.
 
 B. Sentencing Enhancements
 
 8
 Stanton objects to the district court's decision to enhance his sentence for obstruction of justice. We review the district court's finding for clear error. United States v. Robinson, 14 F.3d 1200, 1202 (7th Cir.1994); see United States v. Pitz, 2 F.3d 723, 730 (7th Cir.1993), cert. denied sub. nom, DuPont v. United States, 114 S.Ct. 2141 (1994). Section 3C1.1 of the Sentencing Guidelines provides a two-level increase in the defendant's base offense level "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. Application Note 3(b) of Sec. 3C1.1 lists examples of conduct warranting the enhancement, including "committing, suborning, or attempting to suborn perjury." See also United States v. Dunnigan, 113 S.Ct. 1111 (1993) (upholding obstruction enhancement for perjury at trial).
 
 
 9
 Stanton argues that his mere disagreement with the testimony of his co-conspirators does not support a finding of perjury. A witness commits perjury when the witness gives false testimony under oath concerning a material matter with willful intent, rather than as a result of confusion, mistake, or faulty memory. Dunnigan, 113 S.Ct. at 1116; see United States v. Parker, 25 F.3d 442, 448 (7th Cir.1994).
 
 
 10
 At the sentencing hearing, the judge found Stanton to have been untruthful, disbelieving Stanton's assertion that he merely introduced Jordan and Allison. The court also found that Stanton had acted willfully, stating that "Mr. Stanton was well aware of the fact that he was perjuring himself." This is a sufficient finding of a willful lack of truthfulness regarding a material matter to support the obstruction enhancement. See United States v. Emenogha, 1 F.3d 473, 482 (7th Cir.1993), cert. denied sub. nom, Nwafor v. United States, 114 S.Ct. 901 (1994); see also United States v. Bafia, 949 F.2d 1465, 1479 (7th Cir.1991) ("Testifying untruthfully at trial represents conduct that may be the basis for the two level increase."), cert. denied sub. nom, Kerridan v. United States, 112 S.Ct. 1989 (1992).[1]
 
 
 11
 Next, Stanton objects to the four level enhancement based upon his role in the offense. Section 3B1.1 of the Guidelines states: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by four levels." U.S.S.G. Sec. 3B1.1(a). This determination is a question of fact reviewed for clear error. United States v. Cotts, 14 F.3d 300, 308 (7th Cir.1994) (citing United States v. Spillman, 924 F.2d 721, 723 (7th Cir.1991)); 18 U.S.C. Sec. 3742(e). Stanton does not challenge specifically the district court's finding as to his role in the offense, but rather contests the district court's finding as to the number of individuals involved in the conspiracy.
 
 
 12
 Three of the four participants in the criminal activity besides Stanton were arrested at the time the warrant was executed. The district court identified the fourth participant as Carlos. Stanton argues that there is "absolutely no evidence" that Carlos was part of the conspiracy or even existed, and therefore it is improper to include him in the number of co-conspirators. The district court found that although Carlos was a co-conspirator only at the earlier stages of the conspiracy, he and the other members constituted at least a five-member conspiracy. Sent. Tr. at 2; see U.S.S.G. Sec. 3B1.1, comment. (n. 2) (all persons involved during the course of the entire offense are to be considered). Further, we note that a participant need not have been convicted. U.S.S.G. Sec. 3B1.1, comment. (n. 1); see United States v. Nelson, 5 F.3d 254 (7th Cir.1993), cert. denied, 114 S.Ct. 937 (1994).
 
 
 13
 The district court's finding is supported by the record. Pryor testified that Stanton discussed Carlos with him when Stanton hired Pryor to replace Carlos in the distribution network. Tr. at 139-40. Further, Jordan identified Carlos as his cousin who worked for Stanton until problems arose between Stanton and Carlos. Tr. at 167. Stanton's own testimony belies his assertion that Carlos does not exist. In response to the government's question as to why his co-conspirators would testify against him falsely, he stated that perhaps they were trying to block "Carlos and Fido out. Carlos and Fido was in that little organization that they had." Tr. at 215. While not acknowledging an association with Carlos, this testimony undercuts Stanton's claim that there is no evidence that Carlos existed. The testimony of his co-conspirator as well as his own testimony is sufficient to support the district court's finding that Carlos was a member of a conspiracy of at least five people, of which Stanton was a leader or organizer.
 
 II. CONCLUSION
 
 14
 There was sufficient evidence to convict Stanton of using and carrying a firearm during and in relation to a drug trafficking crime. Further, the district court did not clearly err in enhancing Stanton's sentence for obstructing justice and for his role in the offense. Therefore we affirm the judgment of the district court.
 
 
 
 [1]
 There is no question that Stanton's testimony was material. It goes to the heart of the case: his involvement in the conspiracy to distribute cocaine. See Dunnigan, 113 S.Ct. at 1117 (the perjury must concern a material matter, designed to substantially affect the outcome of the case)