**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

v.

Lillian T. **Duenas**,
Defendant/Appellant.
Appeal No. 95-029
Criminal Case No. 94-0108
May 29, 1996

Submitted on Briefs April 29, 1996

Counsel for appellant: Gregory Baka, Assistant Public Defender, Saipan.

Counsel for appellee: Christine Zachares, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, and VILLA-GOMEZ and ATALIG, Justices.

TAYLOR, Chief Justice:

■ The appellant, Lillian T. Duenas, appeals the sentence imposed after she pled guilty to the offense of bribery. We have jurisdiction pursuant to 1 CMC § 3102(a). Because the government breached the terms of its plea agreement, we vacate the sentence and remand for specific performance of the terms of the plea agreement.

## ISSUES AND STANDARDS OF REVIEW

The parties present the following issues for our consideration:

I. Whether the government's oral recommendation that Ms. Duenas should receive a sentence based on a prior conviction breached a plea agreement that the government's recommendation would depend on the extent of Ms. Duenas's cooperation with law enforcement authorities;

II. Whether, if the government's conduct did constitute a breach of the plea agreement, the Superior Court "cured" the breach by imposing a sentence more lenient than that recommended by the government.

■ This Court has not addressed the proper standard of review for an alleged government breach of a plea agreement. The Ninth Circuit reviews such claims de novo. *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994). The trial court's interpretation of a plea agreement, in turn, is reviewed for clear error. *United States v. Fernandez*, 960 F.2d 771, 772 (9th Cir. 1991).

## FACTUAL AND PROCEDURAL HISTORY

The government originally charged Ms. Duenas with three counts each of bribery, in violation of 6 CMC § 3201, and misconduct in public office, in violation of 6 CMC § 3202. The charges stemmed from allegations that she, while employed by the CNMI Department of Commerce and Labor, accepted payments in exchange for the issuance of certain work permits for nonresident workers.

According to the unsworn argument of counsel for Ms. Duenas, the government provided discovery to the defense on January 5, 1995, including "papers showing Defendant had a prior conviction before the United States District Court on Guam" in which she pled guilty in 1990 to embezzlement of government monies. Appellant's Brief at 3. The next day, the parties filed a plea agreement with the trial court in which Ms. Duenas agreed to plead guilty to one count of bribery and the government agreed to dismiss the remaining charges. Paragraph 5 of the plea agreement provided:

> Pursuant to Rule 11(e)(1)(C) of the Commonwealth Rules of Criminal Procedure, the parties agree that the following is the appropriate disposition of the case, and the parties agree to jointly recommend the following disposition. The Defendant shall be sentenced to five (5) years imprisonment with at least four (4) years suspended. . . . *The Government's recommendation with respect to the length of the suspended sentence (and jail time) shall depend on the extent of the Defendant's cooperation under Paragraph 4.*

Excerpts of Record at 6 (emphasis added). The court accepted the plea, and on January 16, 1995, it entered a judgment of conviction. *Id.* at 9-10.

On September 14, 1995, the Superior Court held Ms. Duenas's sentencing hearing. When the judge asked for a sentencing recommendation, counsel for the government made the following argument:

> Paragraph four [of the plea agreement] talks about cooperation with the Government and its . . . it[']s fairly vague, fairly general, and at this point the Government's contention is that per the technical terms of paragraph four Ms. Duenas did cooperate, there was no hesitation on her part to meet and speak with the officers. *However, in taking into account a jail sentence appropriate for Ms. Duenas, I looked at the charge in this plea agreement as well as to a past conviction in August of Nineteen Ninety in the U.S. District Court of Guam,* the charges were relatively similar embezzlement of Government money in an amount well over three thousand dollars at the time the U.S. District Court gave quite a lenient sentence and allowed probation for Ms. Duenas. Not a year [passed] after that probationary period expired and this charge was brought in the Commonwealth similar charge, bribery it involves moral turpitude. *Because of her* [past] *conviction, the brief amount of time before such another conviction comes about in the Commonwealth, because of the leniency and yet no lesson seemed to be learned by that leniency as evidenced by the new charge here today the Government's recommendation is jail sentence of nine months* taking into the . . . reality that paroles are typically granted within a third of the time being served. . . . In this instance a maximum of a year was agreed upon, the Government doesn't think a year is appropriate because she did come to the office and speak with the officers when requested but because of the background and history and nature of the charges here today, the Government feels that jail time is appropriate, that nine months is a fair compromise based on all the history and what we have in front of the court today.

*Id.* at 2-3 (emphasis added). Counsel for Ms. Duenas immediately objected that this argument violated the plea agreement, stating that it was improper for the trial court to base its recommendation as to the unsuspended portion of the sentence on any factor other than the degree to which Ms. Duenas had cooperated with the authorities. Counsel stated: "The point is that she has been fully one hundred percent cooperative since she's given total cooperation she deserves total reduction. Therefore she deserves . . . is entitled to the benefit of the argument that was agreed upon in the sentencing Your Honor." *Id.* at 5. After hearing further argument of counsel and hearing testimony from witnesses regarding the extent of Ms. Duenas's cooperation with authorities, the trial court sentenced her to five years in prison, with four years and six months suspended. The trial judge's sentencing remarks indicate that he considered various factors in imposing this sentence, including Ms. Duenas's prior conviction, the fact that she had committed the offense while in a position of public trust, and her "cooperation with the government pursuant to the plea agreement." *Id.* at 17. Ms. Duenas timely appealed.

## ANALYSIS

### I. Government Breach of the Plea Agreement

 Plea agreements are to be construed by ordinary contract standards. *Fernandez*, 960 F.2d at 772. In interpreting the language of a plea agreement, a reviewing court looks to what the defendant reasonably understood when he or she entered the plea. *Id.* Moreover, "when a plea rests in any significant degree upon a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 420, 433 (1971); *accord United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995). The failure to fulfill such a promise constitutes a breach of the plea agreement, requiring remand for resentencing. *Santobello*, 404 U.S. at 262, 92 S. Ct. at 499, 30 L. Ed. 2d at 433; *Camper*, 66 F.2d at 232; *Myers*, 32 F.3d at 413 (stating that "the government must be held to the literal terms of the agreement").

██ Here, we look to the plain language of paragraph four of the plea agreement, which says that "[t]he Government's recommendation with respect to the length of the suspended sentence (and jail time) shall depend on the extent of the Defendant's cooperation" with law enforcement authorities. This sentence cannot reasonably be read to constitute a promise to recommend a total suspension of Ms. Duenas's sentence so long as she cooperated with the authorities. However, it does constitute a promise that the government would base its recommendation, whatever that might be, on the extent and nature of Ms. Duenas's cooperation, and not on her prior conviction. The fact that the government was already aware of Ms. Duenas's prior conviction at the time it entered into the agreement bolsters this interpreta-

tion. However aggravating a factor the government considered this prior conviction to be, Ms. Duenas could have reasonably assumed that the government had taken it into account in the plea offer as a whole.

Furthermore, based on this plain language of the plea agreement, it is clear that the government's argument at the sentencing hearing breached its promise to Ms. Duenas. In the transcript passage set forth above, the government very explicitly based its sentencing recommendation primarily upon her prior conviction, and only secondarily upon her cooperation with the authorities.

The government relies on *United States v. Spillman*, 924 F.2d 721, 722-23 (7th Cir. 1991), for the proposition that, so long as the government's sentencing recommendation is within the range specified by the plea agreement, it may base the recommendation on other factors besides the extent of the defendant's cooperation, regardless of the language of the plea agreement. *Spillman*'s rather flexible reasoning stands at odds with the more strict rules enunciated by the U.S. Supreme Court in *Santobello*, 404 U.S. at 262, 92 S. Ct. at 499, 30 L. Ed. 2d at 433, and by the Ninth Circuit in *Camper*, 66 F.3d at 232. Moreover, *Spillman* is not on all fours with the facts here. In *Spillman*, the court found that the defendant had received the benefit of his bargain in cooperating with authorities, because the government did not move for an upward departure from the applicable sentencing guideline based upon the defendant's prior criminal record. This finding appears to hinge on the fact that the plea agreement at issue allowed the government to recommend a sentence of up to the statutory maximum. *Spillman*, 924 F.2d at 723. Here, in contrast, the agreement stipulated that four years out of Ms. Duenas's five-year sentence were to be suspended. In the plea agreement, the government promised to base its recommendation regarding further suspension of Ms. Duenas's sentence upon the extent of her cooperation with law enforcement officials. Having later opted to base its recommendation instead on other factors, the government cannot now claim that it gave Ms. Duenas the benefit of her bargain. We thus hold that the government's conduct breached the plea agreement.

## II. The Trial Court's Sentence

The government argues that even if it breached the plea agreement by its own conduct, the Superior Court "cured" the breach by sentencing Ms. Duenas to a shorter term of unsuspended imprisonment than that recommended by the government. Appellee's Brief at 3, 8-9.

This argument is made without citation to authority, and we located no cases standing for this proposition.

■ Rather, there is strong authority to the contrary. In the Ninth Circuit, "the harmless error rule does not apply to the law of contractual plea agreements." *Myers*, 32 F.3d at 413. In *Santobello*, the prosecutor violated a plea agreement by recommending a harsh sentence when the agreement stipulated that the government would make no recommendation. The defense immediately objected and requested an adjournment of the hearing. The sentencing judge denied the request, stating "'I am not at all influenced by what the district attorney says, so there is no need to adjourn the sentence.'" *Santobello*, 404 U.S. at 259, 92 S. Ct. at 497, 30 L. Ed. 2d 431. The Supreme Court reversed, stating that while it did not doubt the judge's statement,

[n]evertheless, we conclude that the interests of justice and the appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case . . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not the sentencing judge.

*Id.*, 404 U.S. at 262-63, 92 S. Ct. at 499, 30 L. Ed. 2d at 433. Indeed, the Court's concern that the defendant receive the full benefit of his bargain was such that the matter was remanded for resentencing before a different judge. *Id.*; accord, *Camper*, 66 F.3d at 233 (emphasizing that remand for resentencing before different judge "in no way implies criticism of sentencing judge," but rather is ordered "to insure compliance with the plea agreement").

■ Here, as in *Santobello* and *Camper*, the sentencing judge had no obligation to follow the government's sentencing recommendation. He had before him a presentencing investigation which, judging from the transcript, clearly set forth information regarding Ms. Duenas's prior conviction. However, by the standards of the cases discussed above, the government's recommendation was a breach of the agreement which could be cured only by adjourning the sentencing hearing and forwarding the case to another judge for resentencing based on proper conduct by the government. That is what this Court orders now.

## CONCLUSION

For the foregoing reasons, we **VACATE** the sentence imposed on Ms. Duenas and **REMAND** the matter for resentencing before a different judge, and specific performance of the literal terms of the plea agreement.