UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DANIEL PROFIT DAVIS, a/k/a Daniel
Prophet Davis, a/k/a Proffit Davis,
            *Defendant-Appellant.*

No. 02-4590

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-444)

Submitted: January 31, 2003

Decided: March 11, 2003

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

## COUNSEL

David R. Tanis, DAVID R. TANIS, P.C., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Daniel Profit Davis pled guilty to an information charging that he possessed 266.1 grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2000). Davis appeals his sentence of 175 months imprisonment, challenging a two-level weapon enhancement, *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001), the government's failure to move for a substantial assistance departure, USSG § 5K1.1, p.s., and the district court's decision not to depart downward on the ground that his criminal history was overstated. USSG § 4A1.3, p.s. We affirm in part and dismiss in part.

Davis was arrested while he was transporting 266.1 grams of crack and 338.4 grams of cocaine in his car. His passenger, Amos Griffin, was carrying a firearm. Although Griffin was not charged, Davis readily admitted that they had pooled their money to buy the drugs and had made deliveries of drugs earlier that day. He also said that the gun in Griffin's possession was one he had given to Griffin for safekeeping after an argument with its owner, but that he had told Griffin to return it to the owner and that Griffin had specifically told him that he had returned the gun to its owner.

Davis argues that the weapon enhancement was not warranted because it was not reasonably foreseeable to him that the gun was still in Griffin's possession and because Griffin was not charged as a co-defendant or identified as a co-conspirator. Davis' authority for the latter argument is *United States v. Matthews*, 168 F.3d 1234, 1248 (3d Cir. 1999) (holding that enhancement may be given for a gun possessed by someone other than the defendant only if that person is charged as a co-conspirator). *Matthews* is not binding authority in this Circuit, however, and we do not find it persuasive. Under the principle of relevant conduct, a defendant may be held accountable for the

conduct of any person involved with him in "a jointly undertaken criminal activity," whether or nor a conspiracy is charged. USSG § 1B1.3(a)(1)(B), comment. (n.2). Davis acknowledged at the sentencing hearing that he and Griffin were engaged in selling drugs together.

With respect to Davis's first argument, we have held that a defendant may be accountable for a gun possessed by another person involved with him in a joint criminal activity without requiring that the government establish that the defendant knew the gun was present because the presence of weapons in such circumstances is reasonably foreseeable. *United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994); *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989). Therefore, the district court did not clearly err in making the enhancement in this case. *See United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (standard of review).

Next, Davis challenges the government's decision not to move for a substantial assistance departure despite his attempt to fully cooperate. When, as here, the plea agreement does not promise a substantial assistance motion in return for the defendant's substantial assistance, the defendant may compel the government to move for a substantial assistance departure only if he makes a substantial threshold showing that the government's decision was based on an unconstitutional motive or was unrelated to a legitimate government end. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). Although Davis did not allege an unconstitutional motive in the district court, he now suggests that he was denied due process when the government failed to move for a departure and that he has thus met this test.

Davis argues that the guidelines violate the separation of powers doctrine in that the government is given the initial decision as to whether to file a § 5K1.1 motion, which he views as a usurpation of a judicial function. However, other circuits have held, persuasively, that the guideline provision which requires a government motion before the sentencing court may depart for substantial assistance does not violate separation of powers. *See, e.g., United States v. Spillman*, 924 F.2d 721, 724 (7th Cir. 1991).

Citing *United States v. Martin*, 25 F.3d 211 (4th Cir. 1994), Davis also contends that he will not be able to benefit from his pre-

sentencing cooperation should it bear fruit in the future because Fed. R. Crim. P. 35(b) limits a post-sentencing sentence reduction to substantial assistance provided after sentencing. However, Rule 35(b) was amended in 1998 and now permits the court to consider pre-sentencing assistance in evaluating a Rule 35(b) motion for sentence reduction filed within one year after sentence is imposed. We conclude that Davis has not shown that the government had an unconstitutional or illegitimate motive for failing to move for a departure.

Last, Davis contends that the district court should have departed downward from criminal history category III. The district court's decision not to depart is not reviewable on appeal unless the court mistakenly believed that it lacked authority to depart. *United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir. 2000). There is no doubt that the district court knew it could depart if it believed a departure was warranted. Therefore, this claim must be dismissed.

Accordingly, we affirm the sentence in part and dismiss it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*