**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eugene CAMPER, Defendant–Appellant.**

No. 94–50197.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1995.

Decided Sept. 18, 1995.

Donald B. Marks, Marks & Brooklier, Beverly Hills, CA, for defendant-appellant.

Brent A. Whittlesey, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Before: HALL and LEAVY, Circuit Judges, and HOGAN,* Chief District Judge.

---

* The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

HOGAN, Chief District Judge:

Eugene Camper appeals the sentence imposed following his guilty plea to trafficking in counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1). Camper contends the sentencing court 1) erred by finding that he merited an upward adjustment for being an organizer or manager of criminal activity involving five or more participants, and 2) engaged in impermissible double counting when it adjusted upward his United States Sentencing Guidelines offense level for both his aggravating role in the offense and for more than minimal planning of the offense. In addition, Camper contends, and the government concedes, that the government breached the plea agreement by making impermissible arguments at sentencing. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and vacate and remand in part.

## I

### Sentencing Issues

Camper contends the district court erred by finding that he managed or organized a criminal activity involving more than five participants and also finding that he managed or organized anyone at all in any conduct relevant to the offense of conviction. In the alternative, he argues that his receipt of upward adjustments both for more than minimal planning in the instant offense and for being an organizer or leader is impermissible double counting. These contentions lack merit.

■ We review for clear error the district court's factual finding that a defendant was an organizer or leader of criminal activity. *United States v. Smith*, 924 F.2d 889, 895 (9th Cir.1991). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. *United States v. Wilson*, 900 F.2d 1350, 1354 (9th Cir.1990).

■ The Sentencing Guidelines provide for a four-level upward adjustment in offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "An enhancement may be proper where ... a defendant organizes others in the commission of the criminal activity even though he does not retain a supervisory role over the other participants." *United States v. Varela*, 993 F.2d 686, 691 (9th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 232, 126 L.Ed.2d 186 (1993). To the extent that defendant does play a "supervisory role" in relation to other participants, he need only exercise authority over one and not all of the other participants in order to merit the adjustment. *United States v. Barnes* 993 F.2d 680, 685 (9th Cir. 1993), *cert. denied*, — U.S. —, 115 S.Ct. 96, 130 L.Ed.2d 46 (1994); *Smith*, 924 F.2d at 896.

■ Camper and six others were named in the 11–count indictment filed in this case. Codefendant Omega Hughes admitted in the factual stipulation accompanying her signed plea bargain agreement to receiving counterfeit credit cards and false identification from Camper. Codefendant Tabitha Leeper, Camper's girlfriend, pleaded guilty to aiding in the production of false identification documents and admitted to using counterfeited cards to obtain cash advances. As evidenced by a conversation recorded pursuant to an authorized federal wiretap, Camper at the very least cooperated with codefendant Howard McDaniel in providing counterfeit credit cards and false identification to a confidential informant. A previous conversation between codefendants McDaniel and Steven Grant also concerned providing counterfeit credit cards to the confidential informant. This evidence alone is sufficient to establish by a preponderance that the scheme involved at least five individuals.[1] *See Smith*, 924 F.2d at 896.

■ As to the question of Camper's supervisory or organizational role in the offense, Hughes' factual stipulation makes clear that

---

[1] Camper predicates much of his argument on the assertion that the district court relied on the allegedly untrustworthy grand jury testimony of the confidential informant. The record, however, reveals that the district court expressly declined to give more than minimal weight to that testimony in light of Camper's claim that the confidential informant was not a credible witness. *See* Reporter's Transcript of Sentencing, 4/28/94, at 15, 33.

she was used as a "runner" by Camper in an operation "organized by Camper." Specifically, Hughes would receive counterfeit credit cards from Camper, use them to obtain cash advances, and split the money gained thereby with Camper. In addition, following the execution of search warrants at Camper's residence, his safety deposit box, and a storage unit apparently under his control, the instrumentalities of credit card counterfeiting, including stolen account numbers and an embossing machine for printing counterfeit cards, were discovered. These facts were sufficient for the district court to conclude by a preponderance that Camper exercised a managerial role and organized the scheme. *See Varela,* 993 F.2d at 692.

■ Camper's contention that upward adjustments for both an aggravating role in the offense of conviction and for more than minimal planning constitutes double counting is foreclosed by our decision in *United States v. Kelly,* 993 F.2d 702, 704 (9th Cir.1993) (holding that imposition of adjustment for both aggravating role and more than minimal planning does not constitute double counting). Camper attempts to distinguish the facts of his case from *Kelly* by pointing out that Kelly, unlike himself, did not challenge the factual basis for either of the adjustments. We fail to see the relevance of this distinction. Merely contesting the validity of the adjustments does not change the nature of the adjustments themselves. Finally, to the extent that Camper is requesting us to reconsider the holding of *Kelly,* we note that only a panel sitting en banc may overturn existing Ninth Circuit precedent. *United States v. Aguilar,* 883 F.2d 662, 690 n. 25 (9th Cir.), *cert. denied,* 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991).

## II

### Breach of Plea Agreement

Camper contends, and the government concedes, that the prosecution breached the plea agreement at sentencing by requesting an upward departure from the applicable Guidelines sentencing range when the plea agreement expressly stated that no upward departure would be requested.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, ... such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *accord United States v. De La Fuente,* 8 F.3d 1333, 1340 (9th Cir.1993). In the case of a plea agreement breached by the government, the "usual remedy is a remand for resentencing .... at which time the government should fulfill its obligation under the plea agreement." *United States v. Fisch,* 863 F.2d 690, 690–91 (9th Cir.1988) (quotations omitted).

■ Both parties agree that the plea agreement was breached in the instant case. Camper seeks remand for resentencing before a different judge, whereas the government requests remand to the same judge. Notwithstanding an apparent conflict in this circuit on whether a breach of the plea agreement by the government mandates remand to a different sentencing judge, *compare, e.g., United States v. Benchimol,* 738 F.2d 1001, 1003 (9th Cir.1984) (where prosecution breaches plea agreement provision regarding sentence recommendation, defendant entitled to specific performance and resentencing before a different judge), *rev'd on other grounds,* 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (per curiam), *with United States v. Travis,* 735 F.2d 1129, 1132 (9th Cir.1984) (where remand for resentencing is required because government violated plea agreement at sentencing, remand to different judge not usual remedy, it is one reserved for unusual circumstances), the Supreme Court's decision in *Santobello,* of course, is controlling.

Despite the government's attempt to distinguish Camper's situation from that of the defendant in *Santobello,* the two defendants are in nearly identical positions. As in *Santobello,* the prosecution made a sentencing recommendation that it should not have, and defense counsel objected. The sentencing court then stated that the improper recommendation was not a factor in its sentencing decision, but nonetheless sentenced defendant to the maximum sentence available.

The Supreme Court held in *Santobello* that if a remand for specific performance of the plea bargain were ordered by the state courts, resentencing should take place before a different judge. *Santobello,* 404 U.S. at 262–63, 92 S.Ct. at 498–99. Camper is similarly entitled to be resentenced before a different judge. *See id.; see also Benchimol,* 738 F.2d at 1003. Our remand for resentencing before a different judge in no way implies criticism of the sentencing judge. Rather, it is done simply to insure compliance with the plea agreement.

**AFFIRMED in part, VACATED and REMANDED in part.**