98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julius C. CAMPO, Defendant-Appellant.
 No. 95-30291.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julius Campo appeals the forty-one month sentence imposed following his plea of guilty to commit mail theft in violation of 18 U.S.C. § 371. Campo contends the district court erred by sentencing him as an organizer or leader of criminal activity and by enhancing his sentence both for his leadership role and for being in the business of receiving and selling stolen property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the findings that underlie a district court's sentencing decision. United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). The government must prove facts justifying an upward adjustment by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 4
 The parties dispute whether Campo was an organizer or a mere supervisor of criminal activity. Campo contends that case law and the presentence report support the conclusion that he was a mere supervisor. The government recounts testimony from the evidentiary hearing and submits under seal the grand jury transcript upon which the district court relied to show that Campo organized a large-scale criminal enterprise.
 
 
 5
 The evidence at sentencing showed that Campo: recruited and directed people to steal, receive, use, and transport credit cards from Washington to California; paid his recruits with cash, merchandise and stolen credit cards; and took a lion's share of the profits for himself. Campo himself admitted to having received a Porsche and a cellular phone for his efforts, and records show an astonishing volume of calls (3,844 in one five-month period) originating from the cellular phone. This evidence amply supports the conclusion that Campo was an organizer and not a mere manager in this criminal scheme. See Wilson, 900 F.2d at 1354. We see no clear error. See Pinkney, 15 F.3d at 827.
 
 
 6
 Campo contends, next, that the district court double-counted by enhancing his sentence both because he was an organizer and because he was in the business of receiving and selling stolen property. We review de novo a district court's application of the Sentencing Guidelines. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995).
 
 
 7
 Campo argues that he could not have been the organizer of this scheme without being in the business of receiving and selling stolen credit cards. While this may be true, it does not follow that application of both enhancements constitutes impermissible double counting. "[I]f different enhancements stem from different concerns, both can be simultaneously applied." United States v. Kelly, 993 F.2d 702, 705 (9th Cir.1993); see, e.g., United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995) (upholding enhancements for both aggravating role and more than minimal planning).
 
 
 8
 Here, one adjustment addressed Campo's culpability in comparison to that of other conspirators. See U.S.S.G. § 3B1.1(a). The other addressed the regularity and sophistication of his conduct. See U.S.S.G. § 2B1.1(b)(5)(B). The district court's application of both was proper. See Basinger, 60 F.3d at 1409.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3