105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emilio Gomez DIAZ, Defendant-Appellant.
 No. 95-16669.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Emilio Gomez Diaz appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 1993 guilty plea conviction for conspiracy to distribute marijuana. Diaz contends that the government breached his plea agreement by failing to file a Fed.R.Crim.P. 35 motion to seek a safety valve reduction pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we vacate and remand.
 
 
 3
 The safety valve provision under section 3553(f) allows the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who have made a good faith effort to cooperate with the government. United States v. Sherpa, 97 F.3d 1239, 1243 (9th Cir.1996). Specifically, section 3553(f) provides that a court must impose a sentence pursuant to the guidelines without regard to the statutory mandatory minimum if the court finds that the defendant meets the statutes five criteria. United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996). Moreover, "[t]he district court [ ] must provide reasons for agreeing or refusing to apply section 5C1.2 at the time of sentencing." Id.
 
 
 4
 On appeal, the government concedes that it erred by failing to file a Rule 35 motion for a safety valve reduction as directed by the plea agreement. Nevertheless, the government contends that the error did not prejudice Diaz because the district court expressly indicated that even had such a motion been filed it would have been rejected. We find the government's contention unavailing because in this case the district court erred by failing to identify any reasons as to why the safety valve reduction was inappropriate. See id. (determining that "meaningful appellate review" not permitted when district court failed to provide reasons for refusing to apply safety valve provision). Accordingly, because the government concedes that the plea agreement in this case was breached, and because we are unable to determine whether such a breach was prejudicial to Diaz, we vacate the district court's judgment denying Diaz's 2255 motion and remand the case to allow the government to file a Rule 35 motion. See United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995) (noting that a defendant is entitled either to withdrawal of a guilty plea or specific performance when the government breaches the plea agreement).
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3