110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon DURON, III, Defendant-Appellant.
 No. 95-55803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1997.*
Decided March 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CR-88-00964-LW, CV-94-07452-LW; Laughlin E. Waters, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: PREGERSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Duron, III appeals the district court's denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on the grounds that the government breached its plea agreement with Duron and that his counsel was ineffective. Because we agree that the government breached the agreement, we remand for resentencing pursuant to the terms of the agreement. We affirm the district court's ruling that counsel was not ineffective.
 
 I.
 
 3
 On January 12, 1989, Duron pled guilty to four counts of an eleven count indictment for robbing or attempting to rob several federally insured financial institutions in violation of 18 U.S.C. § 2113(a). In exchange for his guilty plea, the government agreed to move to dismiss the remaining counts in the indictment and to recommend a two-point reduction for acceptance of responsibility should the court sentence him under the Sentencing Guidelines. Under the Guidelines in place at the time Duron was sentenced, career offenders were not eligible for this type of reduction. Duron was a career offender and thus was ineligible. Accordingly, the government promised something that it could not actually deliver.
 
 
 4
 Regardless of the reason, the fact is that the government did not make the recommendation it had agreed to make, and thus breached the plea agreement. At that point, Duron should have been given the opportunity to withdraw his plea of guilty. When such a breach occurs, the 'usual remedy is a remand for resentencing' at which time the government should fulfill its obligation under the plea agreement." United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995) (quoting United States v. Fisch, 863 F.3d 690, 690-91 (9th Cir.1988).
 
 
 5
 In this case, the government is now free to comply with its plea agreement. The Sentencing Guidelines have been amended to allow for downward adjustments for acceptance of responsibility for career offenders. See U.S.S.G. § 4B 1.1. Because defendants are sentenced pursuant to the guidelines in place at the time of sentencing, Duron is presently eligible for a two-point reduction. See United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 502 U.S. 969 (1991). In accordance with Camper, we remand the case to the district court for resentencing according to the terms of the plea agreement.
 
 II.
 
 6
 To prevail on his ineffective assistance of counsel claim, Duron must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759 (1970))., and that he suffered prejudice because there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; United States v. Roberts, 5 F.3d 365, 370 (9th Cir.1993).
 
 
 7
 In this case, counsel simply erred in her sentencing calculation. While it does appear that she informed Duron of the possibility that he would be sentenced as a career offender, she was mistaken about whether he could still receive a two-point reduction. Because this did not constitute a gross mischaracterization of the potential sentence, it did not constitute ineffective assistance. See Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986).
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3