119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Daniel SMITH, Jr., Defendant-Appellant.
 No. 96-50587.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Daniel Smith, Jr. appeals his 27-month sentence imposed by the district court after he pleaded guilty to submitting false claims to a government agency in violation of 18 U.S.C. § 287, and conversion of government funds in violation of 18 U.S.C. § 641. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, see United States v. Avila, 95 F.3d 887, 889 (9th Cir.1996), and we affirm.
 
 
 3
 Smith contends that there was insufficient evidence for the district court to increase his offense level for playing a leadership role in the offense pursuant to U.S.S.G. § 3B1.1(a). This contention is without merit.
 
 
 4
 A district court may increase a defendant's offense level by four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a) (1995). A "participant" is a person who is "criminally responsible for the offense, but need not have been convicted." United States v. Savage, 67 F.3d 1435, 1444 (9th Cir.1995) (quoting U.S.S.G. § 3B1.1(a)(n.1)), cert. denied, 116 S.Ct. 964 (1996).
 
 
 5
 In order to merit a leadership adjustment under section 3B1.1, "there must be evidence that the defendant exercised some control over others involved in the commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime." Avila, 95 F.3d at 892 (internal quotations omitted); see United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (requiring control over other participants for adjustment under subsection 3B1.1(c)). The defendant's control over others may be inferred from circumstantial evidence. See United States v. Castro, 972 F.2d 1107, 1113 (9th Cir.1992).
 
 
 6
 In the instant case, Smith was the pastor of a church who prepared fraudulent income tax returns for a number of people in his congregation. In exchange for this service, Smith received a share of the refund. Smith involved his church in the tax fraud scheme by falsely listing it as an employer on tax forms and by channelling proceeds of the scheme into church coffers. On at least one occasion, Smith approached a member of his congregation and recruited her into the scheme. See United States v. Dota, 33 F.3d 1179, 1189 (9th Cir.1994). On several occasions, Smith's codefendant and second in charge of the church, Zettie Qualls, recruited members of Smith's congregation into the scheme. Moreover, Smith conceived of the scheme and was the only participant who knew how to prepare the fraudulent tax forms. See United States v. Camper, 66 F.3d 229, 231-32 (9th Cir.1995). Finally, by all indications, Smith received a larger share of the proceeds of the scheme than any other participant. See United States v. Rose, 20 F.3d 367, 373-74 (9th Cir.1994). Based on these facts, the district court did not clearly err by finding that Smith organized the involvement of other participants in the scheme. See Savage, 67 F.3d at 1444 (affirming subsection 3B1.1(a) adjustment where defendant "orchestrated the efforts" of other participants); United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.1993) (affirming subsection 3B1.1(a) adjustment where defendant exercised decision making authority, in addition to recruiting co-participants).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3