**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raul RAMIREZ, Defendant–Appellant.**

No. 01–10059.

D.C. No. CR–99–00195–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Raul Ramirez appeals his 235–month sentence imposed following his guiltyplea conviction for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Ramirez contends that the district court erred in several respects when it imposed a four-level leadership-role adjustment to his Guidelines calculation under U.S.S.G. § 3B1.1(a). We review de novo the constitutionality of a sentence. *United States v. Johansson*, 249 F.3d 848, 853 (9th Cir. 2001). We also review de novo the district court's compliance with Federal Rule of Criminal Procedure 32. *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000). Finally, we review de novo the legality of a Guideline sentence, but review for clear error the district court's application of an aggravating role enhancement. *Id.*[1]

▮ Ramirez first contends that the district court violated his due process rights by applying a preponderance of the evidence standard of proof rather than a clear and convincing standard when evaluating the evidence concerning his role in the offense. We conclude, however, there was no error because in this case due process was satisfied by the application of a preponderance standard. *See Johansson*, 249 F.3d at 853–54 (observing that preponderance standard generally satisfies due process and discussing factors considered when deciding whether due process requires higher burden of proof because a sentencing factor has "an extremely disproportionate effect on [the defendant's]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. To the extent Ramirez failed to raise his contentions in the district court, our review normally would be for plain error. *See United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001). Because we conclude that no errors occurred, however, we do not address the remaining plain error factors.

sentence relative to the offense to which he pled guilty").

 Ramirez also contends that the district court failed to satisfy Federal Criminal Rule of Procedure 32(c)(1) by neglecting to resolve his objections to the presentence report. *See* Fed.R.Crim.P. 32(c)(1) (providing that the court at sentencing must "rule on any unresolved objections to the presentence report" and for each objection "must make either a finding on the allegation or a determination that no finding is necessary"). We conclude that the district court satisfied Rule 32 when it recognized Ramirez's objections and found that no evidence in the record supported Ramirez's allegations that there was someone higher up in the conspiracy directing his actions, and found instead that Ramirez was the leader of the organization. *See United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995) (concluding that Rule 32 is satisfied when the record indicates the district court considered the defendant's objections but resolved the disputed facts against him).

Ramirez's next contention is that the district court impermissibly shifted the burden of proof when deciding whether Ramirez was a leader of the conspiracy. Contrary to Ramirez's interpretation, however, the district court's comments do not indicate a shifting of the burden of proving the applicability (or inapplicability) of the enhancement from the government to Ramirez. Rather, the court was merely summarizing the evidence before it and stating its conclusion that the government had sufficiently demonstrated that Ramirez was an organizer or leader of the conspiracy and that the record was devoid of evidence supporting Ramirez's allegations of an unknown higher authority. Thus, there was no erroneous shifting of the burden of

proof. *See United States v. Coutchavlis*, 260 F.3d 1149, 1156–57 (9th Cir.2001).

Ramirez's final contention is that the district court erred by not applying a three-level, manager or supervisor, enhancement under § 3B1.1(b), rather than the four-level, organizer or leader, adjustment under § 3B1.1(a). Based upon our review of the evidence before the district court, however, we cannot say that it clearly erred by finding that Ramirez was a leader or organizer of the conspiracy. *See e.g. United States v. Camper*, 66 F.3d 229, 231–32 (9th Cir.1995) (concluding that facts were sufficient to support four-level enhancement where defendant supplied counterfeit credit cards to "runner," who would use them to obtain cash and then split the proceeds with the defendant).

AFFIRMED.