**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chao Kang LIN, aka Kant Chao Lin, Defendant–Appellant.**

No. 02–30161.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Richard A. Friedman, AUSA, Department of Justice, Washington, DC, James M. Lord, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Defendant–Appellant.

Before GOODWIN, WALLACE and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Chao Kang Lin appeals his 108–month sentence imposed following a guilty plea conviction for conspiracy to smuggle and transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (B)(i), (B)(iii), (B)(iv). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Lin contends that the district court erred by enhancing his sentence by four levels for his role in the conspiracy. The district court did not clearly err by applying the greater enhancement of U.S.S.G. § 3B1.1(a). *See United States v. Camper,* 66 F.3d 229, 231–32 (9th Cir.1995) (affirming four-level aggravated role enhancement where evidence demonstrated that defendant exercised control over only one other participant, and without evidence that defendant enjoyed a greater share of the profits).

Lin also contends that the district court erred in its determination that he belonged in criminal history category III. Because Lin conceded at sentencing that there was an intervening arrest between two of his prior convictions, the district court did not plainly err in its determination that he had four criminal history points. *See United States v. Jimenez,* 258 F.3d 1120, 1124–27 (9th Cir.2001).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.