NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10480 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00044-LRH-WGC-1 |
| v. | |
| DEVON KAUWE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 17, 2018
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[**] Judge.

Appellant Devon Kauwe appeals the 130-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute at least 50 grams of actual methamphetamine.  We have jurisdiction under 28 U.S.C. § 1291.  Because the government breached the plea agreement and the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

court erroneously calculated Kauwe's base level offense, we vacate the sentence and remand for resentencing.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, . . . such promise must be fulfilled." United States v. Camper, 66 F.3d 229, 232 (9th Cir. 1995) (alteration in original) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). Specifically, "when the government obligates itself to make a recommendation at the low end of the guidelines range, it may not introduce information that serves no purpose but to influence the court to give a higher sentence." United States v. Whitney, 673 F.3d 965, 971 (9th Cir. 2012) (internal quotation marks omitted). Because Kauwe failed to timely object to the government's sentencing memorandum, we review his breach of plea agreement claim for plain error. Id. at 970.

Before sentencing, Kauwe filed exhibits consisting of family photos and letters. The government, however, submitted a sentencing memorandum that largely repeated unfavorable facts already known to the court. Critically, it failed to recommend a sentence at the low end of the Sentencing Guidelines range, as required by the plea agreement, arguing that a "sentence within the applicable Sentencing Guidelines range" was not greater than necessary. **ER 73–74**. The government's failure to recommend the low end of the range, coupled with exhibits and statements calling attention to the ugliest aspects of Kauwe's behavior, likely

2

served to influence the court to impose a harsher sentence and denied Kauwe the united front for which he bargained. Moreover, because Kauwe did not request a sentence below the range until the sentencing hearing, the memorandum cannot be characterized as a "fair response" to Kauwe's request for a downward departure. See United States v. Moschella, 727 F.3d 888, 892 (9th Cir. 2013) (finding the government's sentencing arguments a "fair response" to defendant's request for a downward variance). Accordingly, we conclude that there was a clear breach of the plea agreement.

The breach of the plea agreement releases Kauwe from its appellate waiver, and we may, therefore, consider Kauwe's procedural challenges. See United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir. 1993). We address only Kauwe's challenge to his base offense level calculation as his other arguments are without merit.

The court erroneously applied a base level offense of 38, applicable to actual methamphetamine quantities of 4.5 kilograms or more, rather than a base level offense of 36, applicable to quantities of at least 1.5 kilograms but less than 4.5 kilograms. See U.S.S.G. § 2D1.1(c). The court incorrectly concluded that Kauwe's awareness of the entire amount involved in the drug conspiracy and his close relationship with another co-conspirator were sufficient to make him accountable for the entire conspiracy. Rather, under U.S.S.G. § 1B1.3(a)(1)(B),

3

the relevant conduct in a conspiracy consists of all reasonably foreseeable acts and omissions of others in furtherance of a "jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The "scope of the 'jointly undertaken criminal activity' is not necessarily the same as the scope of the entire conspiracy" and "[a]cts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct." U.S.S.G. § 1B1.3, comment. (n.3(B)). Hence, "[e]ach conspirator is responsible only for the activities that fell within the scope of his particular agreement with the conspirators, and reasonably foreseeable behavior in furtherance of that particular agreement." United States v. Riley, 335 F.3d 919, 928 (9th Cir. 2003). Here, the district court did not find a "particular agreement" between Kauwe and the other co-conspirators as to the distribution of the entire seventeen pounds of actual methamphetamine involved in the conspiracy. The distribution of the additional ten-pound quantity, although known to Kauwe, was not shown to be within the scope of his jointly undertaken criminal activity. Thus, Kauwe's relevant conduct for purposes of the base level offense calculation was limited to the distribution of the seven pounds, or 3.18 kilograms, of actual methamphetamine he agreed to distribute, not the entire quantity involved in the conspiracy.

Where a government breaches its plea agreement, the "usual remedy is a

4

remand for resentencing . . . at which time the government should fulfill its obligation under the plea agreement." Camper, 66 F.3d at 232 (quoting United States v. Fisch, 863 F.2d 690, 690–91 (9th Cir. 1988)). Because of the breach, our own precedent dictates that any further proceedings occur before a different judge to "eliminate [the] impact of the government's . . . breach." United States v. Alcala-Sanchez, 666 F.3d 571, 577 (9th Cir. 2012) (citing Santobello, 404 U.S. at 263); United States v. Heredia, 768 F.3d 1220, 1236 (9th Cir. 2014) ("Once the district judge has seen or heard the offending words that denied the defendant the benefit of his bargain, any further proceedings before him would necessarily be tainted by the government's breach."); United States v. Johnson, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999) ("We remand to a different judge for re-sentencing because the case law requires us to do so. We intend no criticism of the district judge by this action, and none should be inferred.").

Kauwe's sentence is **VACATED** and the case **REMANDED** for resentencing before a different judge.