**NOT FOR PUBLICATION**

# FILED

AUG 23 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50368 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00923-SJO-11 |
| v. | |
| | MEMORANDUM[*] |
| JASON DAVIS, AKA G-Thang, AKA Lil G. Red, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 5, 2016
Submission Vacated November 4, 2016
Resubmitted August 21, 2019
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: MURGUIA, and WATFORD, Circuit Judges, and BOLTON,** District Judge.

Appellant Jason Davis appeals his convictions for racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and drug trafficking conspiracy in violation of 21 U.S.C. § 846. He challenges (1) the sufficiency of the evidence used to convict him of RICO and drug trafficking conspiracies, (2) the calculation of his sentence, and (3) the sufficiency of the evidence used to convict him of possession of a firearm in furtherance of the RICO conspiracy in violation of 18 U.S.C. § 924(c)(1)(A). This Court has jurisdiction over this direct appeal under 28 U.S.C. § 1291. We affirm his conspiracy convictions and vacate his § 924(c) conviction.

1.     Davis's sufficiency of the evidence claim fails for both the RICO and drug trafficking conspiracies. The Government provided sufficient evidence that the Pueblo Bishops street gang was a criminal enterprise by demonstrating that they had existed since the 1970s and used gang violence to protect their territory, increase their prominence, and protect their drug selling monopoly. *See United States v. Turkette*, 452 U.S. 576, 583 (1981) (requiring government to prove (1) an ongoing organization with framework for carrying out objectives and (2) various members or

_____

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

2

associates functioned as unit to accomplish common purpose). The Government's evidence showed that Davis would lead young gangsters, encourage young men to join the gang, and confront rival gang members. *See United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir. 2013) (requiring only "slight connection" between conspiracy and defendant's conduct). The Government's evidence also showed that Davis participated in the drug trafficking conspiracy by selling drugs to other gang members, enforcing the gang's territorial exclusions, and participating in violence against unauthorized drug sellers. *See United States v. Moe*, 781 F.3d 1120, 1124–25 (9th Cir. 2015) (stating government must show more than buyer-seller relationship for drug trafficking conspiracy conviction).

2. Davis also argues that his sentence was not properly calculated because he received a supervisory role adjustment under United States Sentencing Guideline § 3B1.1(b). The Court reviews a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Garcia*, 497 F.3d 964, 969 (9th Cir. 2007). The district court's application of the Sentencing Guidelines is reviewed for abuse of discretion and its findings of fact are reviewed for clear error. *United States v. Staten,* 466 F.3d 708, 713 (9th Cir. 2006). The Guidelines provide for a three-level increase where "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). The Government's evidence showed that Davis

3

influenced young gangsters, enforced gang rules, and intimidated boys to join. In fact, he was considered "a leader of the YGs." *See United States v. Camper*, 66 F.3d 229, 231 (9th Cir. 1995) (finding defendant "need only exercise authority over one and not all of the other participants in order to merit the adjustment"); *United States v. Hernandez*, 952 F.2d 1110, 1119 (9th Cir. 1991) (permitting upward adjustment when defendant recruited others into criminal activity and exerted some control over them).

Davis also contends that the jury erred in attributing the drug sales of other gang members to him. We disagree. The Government's evidence showed that Davis was involved in the drug trafficking conspiracy and that gang members had sold over 52,000 grams of cocaine, and agents purchased 200 grams of crack and 800 grams of cocaine. The law requires nothing more. *See United States v. Reed*, 575 F.3d 900, 925 (9th Cir. 2009) ("For purposes of sentencing, a conspirator is to be judged on the quantity of drugs that he reasonably foresaw or which fell within the scope of his particular agreement with the conspirator."). Which in turn forecloses Davis's final request that his sentence on Counts 1 and 14 be reduced. We therefore conclude that the district court did not plainly err in calculating Davis's sentence.

3.      Davis attacks his conviction for possession of a firearm on the grounds that he was not convicted of a crime of violence. Given the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), we agree. *Davis* held that

§ 924(c)'s residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. 139 S. Ct. at 2336. Here, Davis was convicted of violating § 924(c) for possessing or carrying a firearm in furtherance of a "crime of violence"—namely, a RICO conspiracy.[1] There is no real dispute that Davis's § 924(c) conviction depended upon the statute's now-unconstitutional residual clause.[2] We accordingly vacate his conviction and remand for full resentencing. *See Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (quotations omitted).

**AFFIRMED in part, REVERSED and REMANDED in part.**

---

[1] The drug trafficking conspiracy cannot serve as the predicate offense for Davis's § 924(c) conviction. Although the Second Superseding Indictment includes both conspiracies as predicate offenses, the Government limited its § 924(c) theory at trial to the RICO conspiracy. The jury instructions and verdict reflect this limitation.

[2] The Government attempts to salvage Davis's § 924(c) conviction by arguing that the RICO conspiracy satisfies the statute's still-operative elements clause, 18 U.S.C. § 924(c)(3)(A), which defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." It doesn't. Indeed, rather than specify which of conspiracy's elements fits this description, the Government falls back on the objective-focused arguments previously used to satisfy the residual clause. But that is no longer the law.

5