**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 23 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30173 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00215-TOR-2 |
| v. | 2:19-cr-00215-TOR |
| JONNY SHINEFLEW, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 7, 2022[**]
Seattle, Washington

Before: GILMAN,[***] IKUTA, and MILLER, Circuit Judges.

Jonny Shineflew challenges his 70-month sentence imposed after his guilty-

plea conviction for conspiring to commit bank fraud, in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§§ 1349, 1344; committing mail theft, in violation of 18 U.S.C. § 1708; and committing aggravated identify theft, in violation of 18 U.S.C. § 1028A. We have jurisdiction under 28 U.S.C. § 1291. For the following reasons, we affirm the judgment of the district court.

Shineflew first contends that the government breached the Plea Agreement by advocating for the inclusion in Shineflew's Presentence Report of a three-level manager/supervisor role enhancement based on United States Sentencing Guidelines § 3B.1.1(b). We review de novo whether that advocacy violated the terms of the Plea Agreement. *United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam).

Because Section 7(d) of the Plea Agreement gave both parties the freedom to support or oppose any Guidelines calculation that was outside of those expressly set forth in the Agreement, and because the Agreement did not expressly restrict either party from arguing for other appropriate adjustments, the government did not violate the Agreement when it sought the role enhancement. *See United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011) (holding that the government breaches a plea agreement if it attempts "to influence the district court to impose a harsher sentence than one to which the government agreed in the plea agreement to recommend" (internal quotation marks omitted) (quoting *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006))).

2

The Plea Agreement also included an integration clause, whereby both parties acknowledged that "this document constitute[d] the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant." In the face of a fully integrated plea agreement, we cannot consider the prior negotiations or oral agreements that Shineflew now attempts to introduce. *See United States v. Floyd*, 1 F.3d 867, 870 (9th Cir. 1993) (treating a plea agreement as fully integrated where the agreement contained an integration clause).

Shineflew next argues that the district court erred in actually applying the three-level role enhancement. We review the court's application of the role enhancement under the abuse-of-discretion standard. *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021). The record supports the inference that Shineflew orchestrated key components of the bank-fraud conspiracy by directing his codefendants to act, thereby exercising control over at least some of those who were participating in the scheme. *See United States v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003); *see also United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995). Shineflew directed at least one codefendant to negotiate fraudulent checks at Home Depot, Walmart, and Lowe's. To effectuate this criminal activity, he created a false identification for the codefendant and then drove the codefendant to the Home Depot. Shineflew also created a false identification for at least one other

3

codefendant to further assist in the cashing or negotiating of fraudulent checks. And he directed that codefendant to open a Numerica Credit Union account under a false name. The record supports the inference that Shineflew orchestrated and incentivized these acts by storing scheme-related equipment in his residence, sharing the ill-gotten cash, and paying in advance to open an account. Based on these facts, the district court did not abuse its discretion when it applied the role enhancement.

Shineflew responds by relying on *Harris* to argue that he was, at most, only facilitating his codefendants' participation in the conspiracy, as opposed to managing or directing them. *See* 999 F.3d at 1236. In *Harris*, this court held that participating in making "lists of deviant sexual acts and partners" was "at most analogous to making a suggestion" or "facilitation," which was "not enough for application of the enhancement." *Id*. But the facts of *Harris* are not comparable to those presented in the case before us because, unlike the defendant in *Harris*, the degree of control that Shineflew exercised over other codefendants exceeded mere suggestion or facilitation.

**AFFIRMED.**

4